## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**BELINDA M. MULLINS,**

       **Plaintiff,**

**v.**                                     **CIVIL ACTION NO.** _2:25-cv-00364_

**UNITED STATES DEPARTMENT OF**
**AGRICULTURE RURAL HOUSING**
**SERVICE,**

       **Defendant.**

## COMPLAINT

1.    This case involves a special mortgage loan offered through the United States Department of Agriculture's Rural Housing Service ("RHS"), designed to provide low-income households the opportunity to own their own home when they would otherwise lack the financial resources to do so. Defendant RHS is required by law to utilize foreclosure alternatives to the fullest extent possible to achieve the purposes of the RHS loan program. However, in this case, after Plaintiff Belinda M. Mullins fell behind in 2021, Defendant RHS failed to offer her a reamortization, moratorium, refinancing, or other payment relief. Instead, Defendant RHS began garnishing her social security benefits and then proceeded to foreclose despite receiving those monthly payments. Plaintiff brings this action to save her home and for other appropriate relief.

## JURISDICTION

2.    This Court has jurisdiction over Plaintiff's claims under the Administrative Procedure Act pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this Court because the actions complained of occurred, and the real estate at issue is located, in Kanawha County, West Virginia, within the geographical boundaries of this district.

## PARTIES

4.      Plaintiff Belinda M. Mullins is a seventy-four-year-old single woman living alone at 26 River Park Circle, St. Albans, West Virginia 25177. Her sole source of income is Social Security benefits.

5.      Defendant United States Department of Agriculture Rural Housing Service is an agency of the federal government headquartered at 1400 Independence Avenue, S.W., Room 5014, Washington, DC 20250-0701. RHS is the lender, servicer, and holder of Plaintiff's mortgage loan and purchased Plaintiff's home at foreclosure on March 20, 2025.

## STATEMENT OF FACTS

### Mortgage Loan

6.      On January 4, 2002, Plaintiff purchased her home at 26 River Park Circle, St. Albans, West Virginia 25177.

7.      Plaintiff financed the purchase with a mortgage loan from Defendant in the amount of $90,500.00.

8.      The Deed of Trust was originated pursuant to Defendant RHS's Single Family Housing Program, which provides low- and moderate-income households the opportunity to own adequate, modest, decent, safe and sanitary dwellings as their primary residence in eligible rural areas.

9.      The loan provided for monthly payments of approximately $268.41, which included an amount of monthly payment assistance based on Plaintiff's income.

## Defendant's Servicing Misconduct

10.     Plaintiff routinely made her regular monthly payment, including an amount for escrowed property taxes and insurance, for many years.

11.     Plaintiff missed a payment in December 2020 or January 2021.

12.     Plaintiff caught up her payments by April 2021 but fell behind again.

13.     Plaintiff suffered a number of financial hardships and struggled to maintain regular payments throughout 2021.

14.     Plaintiff contacted Defendant RHS at various times throughout 2021 to discuss payment assistance or other options available for Plaintiff to manage her loan.

15.     Federal law requires that Defendant RHS provide various forms of assistance to homeowners facing financial hardship, including a moratorium, which suspends payments of principal and interest for one year, with the option to renew for an additional year.  See 42 U.S.C. § 1475.

16.     Defendant RHS failed to provide Plaintiff with a moratorium, payment arrangement, or modification.

17.     Instead, Defendant RHS began garnishing a portion of Plaintiff's limited social security income beginning in December 2021.

18.     After initiating the garnishment, Defendant RHS simply ceased servicing the loan.

19.     Defendant RHS did not send Plaintiff any monthly billing statements or a payment booklet for her to make her payments.

20.     Defendant RHS did not send Plaintiff any notices or correspondence or otherwise make contact with her.

21.     After nearly three years, in July 2024, Plaintiff received a Notice of Right to Cure Default.

22.     The Notice of Right to Cure Default claims Plaintiff is past due for $17,726.76, despite that Defendant had been withholding sums from her social security benefit income each month.

23.     Defendant then retained a foreclosure trustee to conduct a trustee's sale of Plaintiff's home on March 20, 2025.

24.     The foreclosure trustee issued a Notice of Foreclosure stating that the account was due for 39 months of payments of $634.69 per month, despite that the last statement Plaintiff received from Defendant called for a total monthly payment of $370.20 and that Defendant had received regular monthly payments from Plaintiff via garnishment—including as recently as February 19, 2025.

25.     Prior to issuing its Notice of Foreclosure sale via an attorney, Defendant failed to notify Plaintiff of the ongoing availability of moratorium relief or that the effect of granting the moratorium would be to reverse the acceleration and cancel the pending foreclosure sale.

26.     Contrary to the goals of the National Housing Act and the statutory requirements for RHS mortgage loans, Defendant failed to consider Plaintiff for a moratorium or other payment relief prior to foreclosing on March 20, 2025.

27.     Defendant's conduct is inconsistent with its responsibilities under the applicable contract, regulations, and other applicable law and in violation of Plaintiff's constitutional right to due process of law.

28.     As a result of Defendant's conduct, Plaintiff has suffered the loss of her home, economic loss, worry and stress, and annoyance and inconvenience.

## CLAIMS FOR RELIEF

## COUNT I—VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

29.    Plaintiff incorporates all of the preceding paragraphs by reference.

30.    The Administrative Procedures Act provides that a reviewing court may "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

31.    In cases where a petition asks for the repeal of a rule on the grounds that it is inconsistent with the authorizing statute, the court, proceeding under the APA's "not in accordance with law" standard, id., applies the traditional rules of deference to agency interpretations of statutes. Under those rules, an agency interpretation cannot stand if it conflicts with the statute's plain meaning. See Chevron U.S.A. Inc. v. NRDC, Inc., 467 U.S. 837, 843 n.9 (1984).

32.    The Secretary of Agriculture is authorized pursuant to 42 U.S.C. § 1475(a) to prescribe regulations granting a moratorium upon the payment of interest and principal on a loan "[d]uring *any time* that any such loan is outstanding."  42 U.S.C. § 1475(a) (emphasis added).

33.    However, the Secretary's regulations provide moratorium relief only when a borrower's account is not currently accelerated.  See 7 C.F.R. § 3550.207(a)(3).

34.    This Court has previously held that RHS's regulatory prohibition on post-acceleration moratorium conflicts with the plain meaning of the enabling statute. See Wood v. U.S. Dep't of Agriculture Rural Housing Service, No. 2:19-cv-00897 (S.D.W. Va. March 30, 2020); see also United States v. Shields, 733 F. Supp. 776, 784 (D. Vt. 1989).

35.    Here, Defendant RHS failed to inform Plaintiff that moratorium relief was available after it accelerated her loan.

36.    Nor did Defendant RHS notify Plaintiff of the ongoing availability of moratorium relief or that the effect of granting the moratorium would be to reverse the acceleration and cancel

the pending foreclosure sale, prior to scheduling a foreclosure sale which would deprive Plaintiff of her home.

37.     Defendant RHS has further refused to consider Plaintiff for moratorium relief post-acceleration.

38.     Defendant RHS's conduct and its regulation at 7 C.F.R. § 3550.207(a)(3) is in violation of 42 U.S.C. § 1475(a).

39.     Plaintiff has been harmed by Defendant RHS's failure to notify her of her right to post-acceleration moratorium relief and by Defendant's refusal to consider her for such relief.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Actual damages, costs, and reasonable attorney's fees; and

(b)     Declaratory and injunctive relief, including unwinding the foreclosure sale that took place March 20, 2025.

## COUNT II—DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW

40.     Plaintiff incorporates the preceding paragraphs by reference.

41.     Plaintiff has a recognized constitutional right to due process prior to the deprivation of her property interest in her home.

42.     Defendant's acts and failures to act described above deprived Plaintiff of rights guaranteed her by the Constitution and federal law, including her right not to be deprived of her property without notice and due process of law, in violation of the Fifth Amendment of the United States Constitution.

43.     As more fully set forth above, Defendant failed to provide Plaintiff with notice of the ongoing availability of moratorium relief or that the effect of granting the moratorium would

be to reverse the acceleration and cancel the pending foreclosure sale, prior to scheduling a foreclosure sale which would deprive Plaintiff of her home.

44.     Plaintiff has been harmed by Defendant's failure to notify her of her right to post-acceleration moratorium relief and by Defendant's refusal to consider her for such relief.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Actual damages, costs, and reasonable attorney's fees; and

(b)     Declaratory and injunctive relief to enjoin the foreclosure sale set for unwinding the foreclosure sale that took place March 20, 2025.

## COUNT III—BREACH OF CONTRACT

45.     Plaintiff incorporates all of the preceding paragraphs by reference.

46.     The Deed of Trust provides that Defendant has a non-discretionary duty to consider Plaintiff for alternatives to foreclosure prior to foreclosing.

47.     Regulations applicable via the Deed of Trust specifically require that moratorium relief is available while the loan is outstanding.

48.     After wrongfully failing to notify Plaintiff of the availability of moratorium relief and refusing to consider her for the same, Defendant conditioned Plaintiff's right to reinstate on payment of unreasonably and unnecessarily accrued arrearages that would have been avoided had Defendant timely and appropriately reviewed Plaintiff for repayment alternatives in accord with the Deed of Trust and applicable guidance.

49.     Defendant has a contractual duty to act in good faith in the performance of the contract between the parties such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

50.     Defendant breached express contractual terms and its contractual duty of good faith and fair dealing as hereinbefore alleged by allowing Plaintiff's indebtedness to unnecessarily accrue and interfering with Plaintiff's duty to perform and right to receive the benefit of the contract by:

(a)     Failing to provide regular billing statements;

(b)     failing to provide Plaintiff notices required, including of the availability of post-acceleration moratorium relief;

(c)     failing to appropriately conduct review for foreclosure alternatives; and

(d)     pursuing foreclosure without meeting the conditions precedent to foreclosure set forth in the contract.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Appropriate equitable relief, including specific performance on the contract such that the Court vacate the foreclosure sale that took place March 20, 2025, enjoin the Defendant from taking possession, reinstate the loan, and properly consider Plaintiff for loss mitigation assistance;

(b)     Compensatory damages; and

(c)     Such other relief as the Court deems equitable and just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

**Plaintiff,**
**BELINDA M. MULLINS,**
**By Counsel:**

/s/ Sarah K. Brown_____
Sarah K. Brown (WVSB # 10845)
Bren J. Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301

Telephone:  (304) 344-3144
Facsimile:  (304) 344-3145
*Counsel for Plaintiff*