IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BELINDA M. MULLINS,

        Plaintiff,

v.                                                          CIVIL ACTION NO.   2:25-cv-00364

UNITED STATES DEPARTMENT OF
AGRICULTURE RURAL HOUSING SERVICE,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss filed by Defendant the United States of America, acting through the Rural Housing Service, United States Department of Agriculture (the "Government").  (ECF No. 8.)   For the reasons discussed herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    BACKGROUND

This matter arises out of seventy-four-year-old Plaintiff Belinda Mullins ("Plaintiff") losing her home.   Plaintiff bought her home in Saint Albans, West Virginia (the "Property") on January 4, 2002.   (ECF No. 1 at 2, ¶¶ 4, 6.)   She financed the purchase with a loan from Defendant in the amount of $90,500 (the "Loan").   (*See id.* ¶ 7.)   The Deed of Trust was originated pursuant to Defendant's "Single Family Housing Program."   (*Id.*, ¶ 8.)

Plaintiff contends that she "routinely made her regular monthly payment," for almost two decades.   (*See id.* at 3, ¶¶ 10–11.)   Starting in December 2020, she admits that, at times, she fell

1

behind due to "a number of financial hardships." (*Id.* at 3, ¶¶ 11–13.) Nevertheless, according to the Complaint, Plaintiff also contacted Defendant multiple times in 2021 "to discuss payment assistance or other options available for Plaintiff to manage her loan." (*Id.*, ¶ 14.)

However, Plaintiff claims that "Defendant [] failed to provide [her] with a moratorium, payment arrangement, or modification," despite statutory mandates. (*See id.*, ¶¶ 15–16.) Instead, Defendant began garnishing a portion of Plaintiff's social security income—which is Plaintiff's *only* source of income—beginning in December 2021. (*See id.* at 2, ¶ 4; 3, ¶ 17.) After that, Defendant allegedly did not send Plaintiff any monthly billing statements, "payment booklet[s]," notices, or correspondence, "or otherwise make contact with her." (*Id.* at 3, ¶¶ 18–19.) Plaintiff claims she did not hear from Defendant for "nearly three years." (*Id.* at 4, ¶ 21.)

Then, in July 2024, Plaintiff unexpectedly "received a Notice of Right to Cure Default," which claimed that Plaintiff's account was "past due for $17,726.76," despite the fact that Defendant had been garnishing her social security income for years. (*See id.*, ¶¶ 21–22.) Defendant then retained a foreclosure trustee, who, *inter alia*, "failed to notify Plaintiff of the ongoing availability of moratorium relief." (*See id.*, ¶¶ 23–25.) Defendant then foreclosed on Plaintiff's home on March 20, 2025. (*See id.*, ¶ 26.)

Consequently, Plaintiff filed suit against Defendant on June 2, 2025. (*See generally id.*) The Complaint alleges three causes of action. Count One asserts a claim under the Administrative Procedure Act ("APA"). (*Id.* at 5–6.) This claim states that "[t]he Secretary of Agriculture is authorized pursuant to 42 U.S.C. § 1475(a) to prescribe regulations granting a moratorium upon the payment of interest and principal on a loan '[d]uring any time that any such loan is outstanding.'" (*Id.* at 5, ¶ 32.) Yet, Plaintiff complains that "the Secretary's regulations

2

provide moratorium relief only when a borrower's account is not currently accelerated." (*Id.*, ¶ 33 (citing 7 C.F.R. § 3550.207(a)(3).) Thus, Plaintiff alleges that Defendant's "conduct and its regulation at 7 C.F.R. § 3550.207(a)(3) is in violation of 42 U.S.C. § 1475(a)." (*Id.* at 6, ¶ 38.)

Count Two asserts that Defendant violated the Fifth Amendment of the United States Constitution by failing to provide Plaintiff with notice of the ongoing availability of moratorium relief. (*Id.* at 6–7.) Count Three asserts a claim for breach of contract. (*Id.* at 7–8.) Specifically, Plaintiff claims that "[t]he Deed of Trust provides that Defendant has a non-discretionary duty to consider Plaintiff for alternatives to foreclosure prior to foreclosing," and the "[r]egulations applicable via the Deed of Trust specifically require that moratorium relief is available while the loan is outstanding." (*Id.* at 7, ¶¶ 46–47.)

Defendant filed the pending Motion to Dismiss[1] on January 15, 2026. (ECF No. 8.) Plaintiff filed a response, (ECF No. 10), and Defendant filed a reply, (ECF No. 11). As such, this motion is fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

It is axiomatic that a court must find it has jurisdiction before determining the validity of any claims brought before it. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. "The burden of showing the existence of subject matter jurisdiction rests on the plaintiff." *Adkins v. United States*, 923 F. Supp. 2d 853, 857 (S.D. W. Va. 2013) (citation omitted). "If the plaintiff fails to meet this burden, then the claim must be

---

[1] The Government moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.) However, the Government never actually asserts any arguments under Rule 12(b)(6). (*See generally* ECF No. 9, 11.)

dismissed." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005) (citing *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001)).

"Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: 'facial attacks' and 'factual attacks.'" *Adkins v. United States*, 923 F. Supp. 2d 853, 856 (S.D. W. Va. 2013) (quoting *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986)). A "facial challenge" claims that the facts in the complaint are simply insufficient to establish subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In such a case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* (quoting *Adams*, 697 F.2d at 1219). Thus, "the facts in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

If, on the other hand, the defendant makes a factual challenge and asserts the plaintiff's jurisdictional allegations are simply untrue, the plaintiff's allegations are given less procedural protection. *Id.* (citation omitted). In those cases, the court ordinarily does not apply the presumption of truthfulness, and the court may "decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* In doing so, the "court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." *Id.* (internal quotation marks and citation omitted; italics in original).

Yet a third situation exists when facial and factual challenges are indivisible because "the jurisdictional facts are intertwined with the facts central to the merits of the dispute." *Id.* at 193 (internal quotation marks and citations omitted). In those instances, a court should presume the

4

truthfulness of the allegations. *Id.* Additionally, the court should provide "the plaintiff the procedural safeguards—such as discovery—that would apply were the plaintiff facing a direct attack on the merits." *Id.*

In summary, the Fourth Circuit held that for facial challenges "the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Id.* For factual challenges, "the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." *Id.* For inextricably intertwined challenges, "the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous." *Id.* (citation omitted).

### III.    DISCUSSION

In the pending motion, the Government argues that the Court lacks jurisdiction for two reasons. (*See* ECF No. 9.) It claims that it has sovereign immunity, and it separately argues that Plaintiff failed to exhaust her administrative remedies. (*See id.*) Each issue is discussed in turn below.

#### A. Sovereign Immunity

The federal government cannot be sued for monetary damages unless Congress has waived immunity, or the government has consented to suit. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Federal agencies and government employees acting in their official capacities are also protected by sovereign immunity. *Brown v. General Services Administration*, 425 U.S. 820, 826-27 (1976). "Sovereign immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475, (1994), and the United States' consent to be sued is therefore a "prerequisite for jurisdiction,"

5

*Mitchell*, 463 U.S. at 212. "A waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)).

Here, Plaintiff argues that "the plain language of the APA includes a waiver of sovereign immunity for suits other than those for money damages." (ECF No. 10 at 8 (citing 5 U.S.C. § 702).) Conversely, the Government claims that "the general waiver of sovereign immunity under the APA is [not] broad enough to encompass a cause of action seeking to challenge a nonjudicial foreclosure sale that was conducted in accordance with West Virginia law" and that the APA's waiver would not cover Plaintiff's claims under Counts Two and Three. (*See* ECF No. 11 at 4.) As this Court has previously explained, *Wood v. United States Dep't of Agric. Rural Hous. Serv.*, No. 2:19-CV-00897, 2020 WL 1521801, at *5–6 (S.D. W. Va. Mar. 30, 2020) (Goodwin, J.), the Government is wrong.[2]

Section 702 provides, in pertinent part, the following waiver: "An action . . . seeking relief other than money damages and stating a claim that an agency . . . acted or failed to act in an official capacity or under color of legal authority shall not be dismissed . . . on the ground that it is against the United States . . . ." 5 U.S.C. § 702. As such, "[t]he APA generally waives the Federal Government's immunity from a suit 'seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority.'" *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v.*

---

[2] The Court's decision in *Wood* involved the same exact attorneys and causes of action. *See generally* 2020 WL 1521801. Thus, it appears that the Government's insistence on regurgitating the same, rejected arguments may be a nuisance in various contexts. *See Cruz-Cruz v. Venturella*, 3:26-CV-00404 (S.D. W. Va. June 22, 2026) (Johnston, J.) (one of the numerous orders granting a Petition for Writ of Habeas Corpus filed by individuals who were unlawfully detained without due process by the United States Immigration and Customs Enforcement); *see also Izaguirre v. Mason*, No. 2:26-CV-00121, 2026 WL 561235, at *3–5 (S.D. W. Va. Feb. 27, 2026) (Goodwin, J.) ("The Government is wrong. Judges in this district have said that over and over and over again.").

*Patchak*, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702).   Under this waiver, plaintiffs may seek equitable relief, including specific monetary relief, such as "reinstatement of an employee with backpay, or . . . the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions."   *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988).

Further, as the *Wood* Court noted, the APA's waiver of sovereign immunity for equitable relief is not limited to suits under the APA and applies to any suit against federal agencies or officers.   *See Amador v. Mnuchin*, 476 F. Supp. 3d 125, 142 (D. Md. 2020) ("This waiver of sovereign immunity [under 5 U.S.C. § 702] encompasses claims asserted under the APA as well claims arising under non-APA authority that seek equitable relief from agency action." (citation omitted)); *see also Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 775 (7th Cir. 2011) (collecting circuit court cases).   Additionally, "[t]he waiver applies regardless of whether a final agency action has occurred."   *PFLAG, Inc. v. Trump*, 766 F. Supp. 3d 535, 554 (D. Md. 2025) (internal citation omitted).

Therefore, insofar as Plaintiff seeks "declaratory and injunctive relief" under all three causes of action, the APA unquestionably waives sovereign immunity.   However, Plaintiff also seeks "[a]ctual damages" and "costs" under each of those counts, (*see, e.g.*, ECF No. 1 at 6, ¶ 39), as well as "[c]ompensatory damages," under Count Three, (*id.* at 8).   Such relief is barred by sovereign immunity.   *See Bowen*, 487 U.S. at 893 (recognizing the "distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief").

Therefore, the Government's motion is **GRANTED** as to Plaintiff's request for actual damages, costs, and compensatory damages but **DENIED** as to Plaintiff's request for declaratory and injunctive relief.

### B. Failure to Exhaust Administrative Remedies

The Government also argues that the Court lacks jurisdiction because Plaintiff failed to exhaust her administrative remedies, as required by 7 U.S.C. § 6912(e).  (ECF No. 9 at 7–8.) That statute requires that "a person . . . exhaust all administrative appeal procedures established by the Secretary [of Agriculture] or required by law" before the person can bring a lawsuit against an "officer or employee of the [USDA]."  7 U.S.C. § 6912(e).  Undoubtedly, "[p]arties are required by statute to exhaust available administrative remedies before they may bring an action against the USDA in federal court."  *Gold Dollar Warehouse, Inc. v. Glickman*, 211 F.3d 93, 98 (4th Cir. 2000) (discussing 7 U.S.C. § 6912 (e)).

However, most circuits that have directly addressed the issue have held that § 6912(e)'s exhaustion requirement is ***not*** jurisdictional.  *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007); *Am. Growers Ins. Co. v. Fed. Crop Ins. Corp.*, 532 F.3d 797, 800 (8th Cir. 2008); *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 980 (9th Cir. 2002); *Munsell v. Dep't of Agric.*, 509 F.3d 572, 575 (D.C. Cir. 2007); *but see Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 94–95 (2d Cir. 1998) (holding that "the statutory provision mandating exhaustion in 7 U.S.C. § 6912(e) is explicit" and the plaintiffs' failure to exhaust administrative remedies "deprived them of the opportunity to obtain relief in the district court"); *see also St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 993 (Fed. Cir. 2019) (perceiving a circuit split between the Second Circuit and other circuits but declining to resolve the issue); *Forest*

*Guardians v. U.S. Forest Serv.*, 641 F.3d 423, 432 (10th Cir. 2011) (same). The Fourth Circuit has not directly addressed whether § 6912(e)'s exhaustion requirement is jurisdictional. *But see Gold Dollar*, 211 F.3d at 95 (holding that, pursuant to 7 U.S.C. § 6912(e), plaintiffs were "required to complete their administrative appeal before bringing two of their other claims in federal court, and therefore that the district court lacked subject matter jurisdiction over those claims"); *cf. Cowpasture River Pres. Ass'n v. Forest Serv.*, 911 F.3d 150, 181–84 (4th Cir. 2018) (finding that plaintiffs were not required to exhaust their administrative remedies pursuant to 7 U.S.C. § 6912(e) under the "legal question exception"), *rev'd and remanded sub nom. United States Forest Serv. v. Cowpasture River Pres. Ass'n*, 590 U.S. 604 (2020).

The nature of the requirement matters. Under a jurisdictional statute, an exhaustion of administrative remedies requirement cannot be excused or waived, and a party's failure to exhaust serves as a jurisdictional bar. *See Weinberger v. Salfi*, 422 U.S. 749, 765–66 (1975). Conversely, under a non-jurisdictional statute, exhaustion of administrative remedies is favored, but may be excused by a limited number of exceptions to the general rule. *See Honig v. Doe*, 484 U.S. 305, 326–27 (1988). For example, the Supreme Court recognized an exception to the administrative exhaustion requirement under the Prison Litigation Reform Act when a prisoner could show, per the terms of the statute itself, that administrative remedies were not "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *see also Cowpasture River Pres.*, 911 F.3d at 181–84; *cf. Fleming v. United States Dep't of Agric.*, 987 F.3d 1093, 1099 (D.C. Cir. 2021) (holding that § 6912(e) leaves no latitude for judges to excuse non-exhaustion).

Regardless of whether §6912(e)'s exhaustion requirement is jurisdictional, it is mandatory. *See Dawson Farms*, 504 F.3d at 606; *Am. Growers*, 532 F.3d at 800; *McBride Cotton*, 290 F.3d at

9

980; *Munsell*, 509 F.3d at 575; *Bastek*, 145 F.3d at 94–95; *Gold Dollar*, 211 F.3d at 95; *Fleming*, 987 F.3d at 1099.   Still, it is the "USDA regulations [that] define *when* the agency's administrative appeal procedures are available."   *Gold Dollar*, 211 F.3d at 98 (emphasis added).   In this case, the Government does not offer what administrative remedies were allegedly available to Plaintiff, (*see generally* ECF Nos. 9, 11), but, in implementing § 6912(e)'s directive, the USDA promulgated 7 C.F.R. § 11.2(b), which provides that a person "shall seek review of an adverse decision before a Hearing Officer," and "may seek further review by the Director," before seeking judicial review. *See also* 7 C.F.R § 11.13(b) ("An appellant may not seek judicial review of any agency adverse decision appealable under this part without receiving a final determination from the Division pursuant to the procedures of this part.").

To that extent, Plaintiff contends that 7 C.F.R. §11 *et seq.* does not apply to her claims. The regulations make clear that the administrative remedies procedure is "applicable to adverse decisions made by an agency" but "may not be used to seek review of statutes or USDA regulations issued under Federal Law."   7 C.F.R. §11.3(a), (b).   Relying, in part, on this language, Plaintiff argues that "the crux of [this] action is that the regulations issued by the Secretary restricting the availability of moratorium relief following acceleration is in direct contrast to the statute."   (ECF No. 10 at 7.)   Thus, Plaintiff is essentially arguing that she is not challenging an "adverse decision" to not offer her post-acceleration relief, but rather the regulatory unavailability of such relief.   *Cf. Gold Dollar*, 211 F.3d at 99 (holding that administrative exhaustion is not required under § 6912(e) for a "direct facial challenge to the [USDA] regulations").   In an extraordinarily lazy fashion, the Government fails to substantively respond to Plaintiff's argument.   (*See* ECF No. 11 at 3 (merely calling Plaintiff's argument an "extraordinary legal proposition").)

10

Ultimately, both parties' briefs leave much to be desired.   Neither party addresses whether § 6912(e) is jurisdictional.   The Government does not address whether 7 C.F.R. §11 *et seq.* applies to Plaintiff's claims.   Neither party addresses whether there is any other potential administrative remedies procedure that could apply to Plaintiff's claims.   Neither party addresses the legal consequence if there are no administrative remedy procedures available for Plaintiff's claims. Thus, because these issues are not fully briefed, the Court declines to resolve them at this juncture. *See Parsley v. Rushmore Loan Mgmt. Servs. LLC,* No. CV 3:23-0525, 2024 WL 712873, at *9, n.6 (S.D. W. Va. Feb. 21, 2024) (Chambers, J.); *Spurling v. Metro. Life Ins. Co.*, No. 2:24-CV-00614, 2025 WL 1840669, at *12 (S.D. W. Va. July 3, 2025) (Johnston, J.) (declining to "act as an advocate for" or "conjure up questions never squarely presented" by attorneys).   Accordingly, the Government's motion is **DENIED WITHOUT PREJUDICE** insofar as it argues that Plaintiff failed to exhaust her administrative remedies.

Nevertheless, the Court hereby **ORDERS** Plaintiff and the Government to brief their respective positions on these issues.   Plaintiff shall submit her brief within **30 days** of entry of this Order.   The Government shall then have **14 days** following Plaintiff's submission to file its brief.   Plaintiff shall then have **7 days** following the Government's submission to file any reply. Alternatively, if an agreement on the issues can be reached, the parties may file a stipulation.

## IV.    *CONCLUSION*

For the reasons discussed herein, the Government's Motion to Dismiss, (ECF No. 8), is **GRANTED IN PART** and **DENIED IN PART**.   The Motion is **GRANTED** based on sovereign immunity insofar as Plaintiff seeks actual damages, costs, and compensatory damages.   The Motion is **DENIED** based on sovereign immunity insofar as Plaintiff seeks declaratory and

11

injunctive relief.   The Motion is **DENIED WITHOUT PREJUDICE** insofar as the Government

argues that Plaintiff failed to exhaust her administrative remedies.   It is further **ORDERED** that

the parties file supplemental briefs, as outlined above.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:        July 9, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE